UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT E. JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV26 HEA |
| | ) | |
| CAROLYN W. COLVIN[1] | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) and widow's insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

## **Facts and Background**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was 48 years old and weighed 255 pounds at the time of the hearing on November 7, 2011. He was born in 1963. Plaintiff lives in a one story manufactured home with his two sons who were 15 and 20 years old and his wife. Plaintiff did not complete high school but did receive his GED. Plaintiff could not read or write but was able to complete training in transmission repair and operated his own transmission repair shop until he suffered a heart attack in April of 2008.

He begins his day around 7:30 a.m. and gets his children ready for school and gets breakfast for them. He does no household chores because it is too much for him and causes difficulty in breathing and creates chest pain. In the afternoon he watches television and goes to sporting events involving his children. The ALJ found Plaintiff had the following severe impairments: coronary artery disease, diabetes, and obesity pursuant to 20 CFR 404.1520 (c).

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); McCoy, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had met the insured status requirements of the Social Security Act on December 31, 2008. Plaintiff has not engaged in substantial gainful activity since April 1, 2008, the alleged onset date through December 31 2008. At Step Two, the ALJ found that Plaintiff had the following severe impairments: coronary artery disease, diabetes, diabetes, and obesity. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 and 416.929.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work except he can perform simple repetitive tasks; occasionally climb ladders, stoop, crouch, kneel, crawl, and use foot controls; he must avoid concentrated exposure to dust, fume, gases and exposure to extreme heat and cold; and, he must avoid moving machinery and unprotected heights.

At Step Four, the ALJ determined that Plaintiff is not able to perform his past relevant work through the date last insured.

At Step Five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, pursuant to 20 CFR 404.1569 and 404.1569(a).

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. Id. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ failed to properly consider opinion evidence; (2) the ALJ failed to properly consider RFC.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. See 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the

record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. Id. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

**The ALJ failed to properly consider opinion evidence**

Plaintiff contends that the ALJ erred in failing to analyze the medical opinions of the treating cardiologist, Souheil Khoukaz, M.D., and of the consultative psychological examiner, Karen MacDonald, Psy.D. It should be noted there was testimony from a non-treating, non-examining medical expert in the form of Dr. Oliver. The testimony of Dr. Oliver and the opinion of Dr. Khoukaz were in essence the same. The ALJ noted the conclusion of Dr. Khoukaz that Plaintiffs angina was stable and class II and that Plaintff had self- imposed lifting 20 pounds.

Dr. Oliver agreed that Plaintiff could perform light work. In so doing the ALJ did address the opinion of Dr. Khoukaz and although he did not specifically assign a specific weight it is readily apparent that he considered it in light of all the

other evidence of record. He would have arrived at the same decision had he given controlling weight to Dr. Khoukaz.

Plaintiff argues that the findings and conclusions of Dr. MacDonald should have been considered for retrospective application to Plaintiff's insured status period. This opinion was rendered after the expiration of his insured status. The Eighth Circuit held in *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995), that a **retrospective medical diagnosis by a treating physician** constituted relevant evidence of pre-expiration disability (emphasis added). However, such a medical opinion standing alone without corroboration will not prove conclusive in determining disability status. The ALJ properly treated the findings and conclusions of Dr. MacDonald as the Doctor had no progress notes regarding treatment she had provided Plaintiff either before or after his insured status expired.

**The ALJ failed to properly consider RFC.**

Plaintiff asserts the ALJ did not properly conclude his ability to perform work in the sedentary range because he was subjected to greater restrictions than the ALJ included in his findings. Plaintiff must be mindful that claimant has the burden to prove the residual functional capacity at step four of the sequential evaluation, and the ALJ determines it based on all relevant evidence. *See Harris v. Barnhart,* 56 F.3d 926, 930 (8th Cir. 2004). The ALJ has a duty to formulate

RFC based on all the relevant, credible evidence of record, including testimony, and not rely just on medical opinion evidence or subjective allegations of the claimant. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

The ALJ's residual functional capacity finding is consistent with the medical evidence. Plaintiff's impairments, including obesity, are reasonably accommodated by the ALJ's finding that he is limited to sedentary work, which involves lifting and carrying of no more than 10 pounds occasionally, and walking for approximately two hours total in an eight-hour workday. Such limitations also give due credence to his allegations of chest and back pain. Even though Dr. Oliver emphasized the severity of Plaintiff's obesity and his chest pain, he nevertheless opined that Plaintiff could perform sedentary as well as light work. Functional limitations were included in the RFC and were consistent with the proper hypothetical put to the vocational expert. The conclusion of the ALJ was based upon substantial evidence in the record.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE